IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Don Survi Chisolm, #347831,               )
*a/k/a Don-Survi Chisolm,*                )
                                          )
              Petitioner,          )
                                          )     Civil Action No. 4:23-2469-BHH
v.                                        )
                                          )                **ORDER**
Tonya James, Warden,                      )
                                          )
              Respondent.          )
_____)

      This matter is before the Court on Petitioner Don Survi Chisolm's ("Petitioner") pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was filed on June 2, 2023. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review.

      On July 26, 2023, Magistrate Judge Thomas E. Rogers, III filed a Report and Recommendation ("Report") outlining the issues and recommending that the Court dismiss this § 2254 petition without prejudice and without requiring Respondent to file a response because the petition is untimely under the one-year statute of limitations set forth in the AEDPA, 28 U.S.C. § 2244(d). Attached to the Report was a notice advising Petitioner of his right to file written objections to the Report within fourteen days of being served with a copy. Because the Court had not received any objections by August 15, 2023, the Court entered an order adopting the Magistrate Judge's Report. (ECF No. 16.) On August 25, 2023, however, the Court received objections and an affidavit from Petitioner, wherein he asserted that he never received a copy of the Magistrate Judge's order dated July 13,

2023, and that he did not receive the Magistrate Judge's Report until August 7, 2023. Accordingly, the Court entered a text order vacating its order adopting the Report without objection. (ECF No. 20.) Thereafter, Petitioner filed additional attachments to his objections, a motion for issuance of a subpoena, and a motion to appoint counsel.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## DISCUSSION

### I.    The Magistrate Judge's Report

In his Report, entered on July 26, 2023, the Magistrate Judge recommended that the Court summarily dismiss Petitioner's § 2254 petition because it was not timely filed. The Magistrate Judge explained that Petitioner filed a direct appeal of his conviction and sentence, and that the remittitur was received in the lower court on March 28, 2013. The Magistrate Judge further explained that Petitioner filed a post-conviction relief ("PCR") application on February 18, 2013, which was denied, with the remittitur received in the lower court on August 14, 2017. The Magistrate Judge also noted that Petitioner filed a second PCR in 2022, which was not "properly filed" and does not toll the statute of

2

limitations in this case. In all, the Magistrate Judge found that, liberally construed, more than 1,500 days of un-tolled time passed before Petitioner filed the instant petition on June 2, 2023, rendering it untimely pursuant to the applicable statute of limitations. (ECF No. 14 at 1.)

II.     **The AEDPA's Statute of Limitations**

As the Magistrate Judge correctly explained, pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), as amended in 1996, a one-year period of limitation applies to an application for "a writ of habeas corpus by a person in custody pursuant to the judgment of a state court." 28 U.S.C. § 2244(d)(1). The one-year limitation period for filing a § 2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D).

Additionally, section 2244(d)(2) provides that its one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other

collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "[U]nder § 2244(d)(2) the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review), is tolled from the limitations period for federal habeas corpus petitioners . . . ." *Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999). Following the denial of relief in state court habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time during which the United States Supreme Court considers a petition for certiorari, is tolled." *Crawley v. Catoe*, 257 F.3d 395, 399 (4th Cir. 2001).

A state collateral proceeding must be "properly filed" for section 2244(d)(2) to apply. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually proscribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)).

### III.  Petitioner's Objections

In his objections, Petitioner asserts that the Magistrate Judge failed to mention his amended § 2254 petition in this case, which was filed on July 5, 2023. (ECF No. 4; ECF No. 19 at 2.) According to Petitioner, his amended petition addresses "tolling, the statute of limitations, fraud, etc." (ECF No. 19 at 2.) Petitioner also asserts that this case "is ripe for equitable tolling in the interests of justice." (*Id.*) Petitioner then repeats his arguments

challenging the state court's subject matter jurisdiction in the underlying matter and asserts that such claims are not time barred by the statute of limitations. (*Id.* at 2-3.) According to Petitioner, he was "subject to extreme circumstances beyond his control," and he reiterates his complaints about trial counsel's alleged ineffective assistance. (*Id.* at 3.) Petitioner also asserts that he did not receive certain reports under 2022 and 2023 and that he has diligently pursued his rights in this matter. (*Id.* at 4-5.)

A petitioner seeking equitable tolling generally bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418). The Fourth Circuit has indicated that circumstances rarely will warrant equitable tolling:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Under the Fourth Circuit's "extraordinary circumstances" test, a petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

Here, after a careful review of the Magistrate Judge's Report and Petitioner's

5

objections and affidavit, including his arguments in support of equitable tolling, the Court finds that Petitioner has not demonstrated extraordinary circumstances beyond his control that prevented him from filing on time. In other words, the Court finds no evidence to show that the circumstances of this case warrant equitable tolling. Furthermore, because it is abundantly clear that the instant petition is untimely by a number of *years*, and because Petitioner has been given warning and the opportunity to object to a dismissal on timeliness grounds but has not demonstrated grounds for equitable tolling, the Court agrees with the Magistrate Judge that this petition should be dismissed as barred by the statute of limitations. *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002); *Day v. McDonough*, 547 U.S. 198 (2006).

Accordingly, the Court hereby adopts and incorporates the Magistrate Judge's Report (ECF No. 14); overrules Petitioner's objections (ECF No. 19); and dismisses this action with prejudice and without requiring Respondent to file an answer or return because the petition is untimely under the one-year statute of limitations set forth in the AEDPA.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

November 15, 2023
Charleston, South Carolina

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  See Miller–El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir.2001).  Here, the Court finds that the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is denied.